MEMORANDUM **
Rongsheng Li, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.
Substantial evidence supports the IJ’s adverse credibility determination because the inconsistencies between Li’s testimony and his asylum application regarding whether he lost consciousness after police beat him, and whether the authorities came to his home to inspect him after his release from custody, are material discrepancies that go to the heart of his claim. See Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001). Substantial evidence also supports the IJ’s adverse credibility determination because the negative assessment of Li’s demeanor, including his “hesitant and halting” manner of testimony, is entitled to special deference. See Singh-Kaur v. INS, 183 F.3d 1147, 1151 (9th Cir.1999). In the absence of credible testimony, Li’s asylum and withholding of removal claims fail. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Because Li’s CAT claim is based on testimony the IJ found not credible, and he points to no other evidence in the record to demonstrate it is more likely than not he will be tortured in China, his CAT claim fails. See id. at 1157.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.